UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JOHN DAVID CAMPBELL,<br><br>  Plaintiff,<br><br>v.<br><br>MILLENNIA HOUSING<br>MANAGEMENT, LTD.,<br><br>  Defendant. | )<br>)<br>)<br>)<br>)  No.:  3:23-CV-274-TAV-JEM<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION

This matter is before the Court on defendant's Motion to Dismiss Plaintiff's Amended Complaint, or, in the Alternative, Second Motion for More Definite Statement [Doc. 14].  Plaintiff has responded in opposition [Doc. 17].  Defendant has not replied, and the time for doing so has expired.  *See* E.D. Tenn. L.R. 7.1(a).  Accordingly, this matter is ripe for review.  For the reasons below, the Court **GRANTS** defendant's motion to dismiss plaintiff's amended complaint [Doc. 14].

### I. BACKGROUND

On August 8, 2023, defendant removed this case to this Court from the Knox County Circuit Court [Doc. 1].  Plaintiff's original complaint alleged: "The aggregious [sic] and attrotious [sic] nature of crimes, violations, and contractual and agreement breaches fall in the areas of Targeted Harassment[,] Civil Rights Violations[,] Americans with Disabilities Act Violations[,] Lease Violations[, and] Fraud" [Doc. 1-1, p. 4].  Further, plaintiff alleged that the "crimes and violations were committed between 5/07/2021 – Present" [*Id.*].

Plaintiff also requested from defendant "all video surveillance to be legally obtained as documented proof of occurrences" from May 7, 2021, to July 7, 2021 [*Id.*].

On August 11, 2023, defendant filed a Motion for More Definite Statement [Doc. 6], arguing that plaintiff's complaint made "one sweeping general statement followed by five causes of action without any further explanation" [Doc. 7, p. 3]. In doing so, defendant argued that the complaint did not "clearly state facts that would enable [defendant] to knowledgably draft a responsive pleading" and requested the Court to order plaintiff to file an amended complaint "that adequately articulates [plaintiff's] factual allegations, causes of action, and claimed damages" [*Id.*].

This Court granted defendant's motion [Doc. 6], finding plaintiff's complaint to be insufficient under Federal Rule of Civil Procedure 8 because plaintiff failed to set forth facts for the claims he alleged, and plaintiff did not articulate his claimed damages [Doc. 10, p. 2]. Further, this Court found the complaint so vague and ambiguous that defendant could not reasonably prepare a response [*Id.*]. Accordingly, this Court ordered plaintiff to file an amended complaint within 14 days that "set forth his causes of action, the factual basis for any claims asserted against Defendant, and his requested relief in compliance with the Federal Rules of Civil Procedure" [*Id.* at 2–3].

Plaintiff filed his amended complaint on September 20, 2023 [Doc. 12]. In his amended complaint, plaintiff alleges in relevant part:

> Intentional and perpetual negation and disregard of responsibilities, due diligence, and adherence to rules, regulations, lease agreements, responsibilities, state laws, federal laws, and the intentional perpetuation of abhorrent illicit and illegal behavior acted upon and perpetuated by

2

> [defendant] at Summit Towers, 201 Locust St[.], Knoxville, TN, 37902, negate any and all agreements not actually ever effectively rendered in a lease agreement signed between 5/07/2021 – 5/07/2022. Intentional disregard and negation of responsibility in terms of severe illicit and illegal behavior in terms of health and safety fall into specific categories of crime. These crimes committed knowingly and irresponsibly by [defendant] at Summit Towers, fall specifically and concisely in the categories of: Targeted Harassment, Civil Rights Violations, Americans with Disabilities Act Violations, Lease Violations, and Fraud.

[Doc. 12]. Plaintiff further alleges that the alleged crimes committed by defendant occurred between May 7, 2021, and July 7, 2022, and the "cause and effect" of the crimes has been ongoing since May 7, 2021 [*Id.*].[1] Plaintiff states that he is seeking "rectification of severe, illegal, and completely unnecessary and abhorrent actions and intentional disregard of responsibilities and the effects of those actions" by defendant [*Id.*]. Plaintiff demands video surveillance and $37,500,000 in restitution [*Id.*].

Subsequently, defendant filed the instant motion [Doc. 14], seeking dismissal under Rules 12(b)(6) and 41(b), or in the alternative, an order for a second amended complaint containing a more definite statement.

## II. STANDARD OF REVIEW[2]

To survive a motion to dismiss under 12(b)(6), a plaintiff must first comply with Rule 8(a)(2) which requires that a complaint contain "a short and plain statement of the

---

[1] Plaintiff's amended complaint provides the date as "5/7/2/21" which the Court takes to be a typographical error and correctly mean May 7, 2021.

[2] For the reasons stated *infra*, the Court need not address defendant's argument that plaintiff's amended complaint should be dismissed for failure to comply with this Court's order under Rule 41(b). Therefore, this Court will not include a discussion of Rule 41(b)'s standard of review.

3

claim showing that the pleader is entitled to relief.'" "Although this standard does not require 'detailed factual allegations,' it does require more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Specifically, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint that pleads facts "merely consistent with" liability, "stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Finally, "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663.

In reviewing a motion to dismiss under Rule 12(b)(6), the Court "must construe the complaint in a light most favorable to plaintiffs, accept all well-pled factual allegations as true, and determine whether plaintiffs undoubtedly can prove no set of facts in support of those allegations that would entitle them to relief." *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008). However, the Court need not accept legal conclusions or unwarranted factual inferences as true. *Montgomery v. Huntington Bank*, 346 F.3d 693,

4

Case 3:23-cv-00274-TAV-JEM   Document 24   Filed 09/18/24   Page 4 of 7   PageID #: 137

698 (6th Cir. 2003) (quoting *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

Given plaintiff's *pro se* status, the Court notes that federal courts have a duty to "liberally construe the briefs of pro se litigants and apply less stringent standards to parties proceeding pro se than to parties represented by counsel." *Bouyer v. Simon*, 22 F. App'x 611, 612 (6th Cir. 2001). At the same time, however, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). As such, courts have not typically "been willing to abrogate basic pleading essentials in *pro se* suits." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). "For instance, federal pleading standards do not permit *pro se* litigants to proceed on pleadings that are not readily comprehensible." *Walker v. Crowell*, No. 2:14-CV-234, 2017 WL 663093, at *3 (E.D. Tenn. Feb. 15, 2017) (citing *Becker v. Ohio State Legal Servs. Ass'n*, 19 F. App'x 321, 322 (6th Cir. 2001)).

### III. ANALYSIS

Defendant argues that the amended complaint continues to fail to state claim upon which relief can be granted [Doc. 14]. Specifically, defendant argues that plaintiff has again failed to plead any factual bases for his claims, relying purely on blanket conclusory statements [Doc. 15, p. 2]. Further, defendant states that plaintiff's amended complaint is largely incomprehensible [*Id.* at 2–3]. In the alternative to dismissing the Amended Complaint, defendant requests that this Court order plaintiff to file a second amended complaint [*Id.* at 6–8].

5

In response, plaintiff argues that "[t]he severity and illegal actions of [defendant] could not be more clear in terms of legal vs non legal" [Doc. 17, p. 1]. Further, plaintiff alleges that he has met "the requirements of the information in [his] amended motion" [*Id.*].

When examining the amended complaint in the light most favorable to plaintiff, it appears that plaintiff's allegations stem from a "lease agreement signed between 5/07/2021 – 5/07/2022" [*See* Doc. 12]. However, aside from the existence of a lease agreement, the dates of such agreement, and the alleged dates of the crimes and violations, which span over a year, there appears to be no other factual matter within plaintiff's amended complaint. Instead, plaintiff's amended complaint is largely conclusory, alleging harassment, civil rights violations, Americans with Disabilities Act ("ADA") violations, lease violations, and fraud without any facts to support these claims. Even accepting the few facts provided as true, these facts are not sufficient to state a claim for relief that is plausible on its face, and the Court cannot draw any reasonable inferences that defendant is liable for the crimes and violations alleged. *See Iqbal*, 556 U.S. at 662–63.

Furthermore, the elements of the civil rights violations, ADA violations, and lease violations plaintiff alleges cannot be discerned, and in turn, none of the material elements can be supported, because of the breadth of the claims. Plaintiff does not cite to any statute, judicial ruling, or legal doctrine in reference to his claims, leaving ambiguity as to what specific "violations" plaintiff alleges. A court "cannot create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir.

2011) (internal quotation marks omitted) (citing *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)).

Even under the lenient standards governing *pro se* pleadings, plaintiff's amended complaint contains only bare allegations which are too vague and incomprehensible to satisfy the standards of Rule 8(a) and overcome a motion to dismiss under 12(b)(6). Accordingly, the Court concludes that the complaint and the allegations contained therein cannot withstand defendant's motion to dismiss.

## IV. CONCLUSION

For the reasons above, defendant's motion to dismiss [Doc. 14] is **GRANTED**, and all of plaintiff's claims are hereby **DISMISSED** [Doc. 12]. Accordingly, defendant's motion for summary judgment [Doc. 23] is **DENIED as moot**. This case will be **DISMISSED**. A separate order will enter.

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE

7